FILED
2005 Nov-03 AM 11:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

**H&R BLOCK EASTERN ENTERPRISES, INC.,**

Plaintiff,

v. Civil Action No.: **1:05cv0801-RBP**

**DEBORAH A. LEWIS, JIMMY JOHNSON, RITA KELLY, ALLEN BORSTOFF, and THE VILLAGE TAX TEAM,**

Defendants.

**MEMORANDUM OPINION**

This cause comes on to be heard upon defendants' Motion to Set Aside Plaintiff's Acceptance of the Defendants' Offer of Judgment filed on September 28, 2005.

**FACTS AND PROCEDURAL HISTORY**

The plaintiff, H&R Block Eastern Enterprises, Inc., is a Missouri corporation with its principal place of business in Kansas City, MO. Defendants Deborah A. Lewis, Jimmy Johnson, Rita Kelley, and Allan Borstorff are all residents of Calhoun County, Alabama, and were all formerly employed as tax professionals by H&R Block. Defendant Village Tax Team is a tax preparation business organized as a d/b/a in Calhoun County Alabama. According to Block, each of the individual defendants were employed by Block subject to a written employment

agreement.[1]

According to Block, the agreements define a "tax professional's duties" as including "attending mandatory Policy & Procedure training, telephone solicitation of clients as assigned, interviewing clients, preparing accurate returns, checking returns, offering electronic filing of returns to qualifying tax preparers..all in accordance with the law...the Company's policies and procedures, and the H&R Block, Inc. Code of Business Ethics & Conduct." Furthermore, Block claims that the agreements define "Confidential Business Information" as including, but not limited to, "names, addresses, telephone numbers, social security numbers or tax return information of one or more clients or employees of the Company." Block asserts that the tax professional agrees as part of the agreement not to use or disclose this confidential information for any reason unrelated to the undertaking of business for Block.

Block claims that the agreement stipulates that the tax professional agrees that for two (2) years following the voluntary or involuntary termination of associate's employment, they will not directly or indirectly provide any of the following services to any of Block's clients: preparation of tax returns, electronic filing of tax returns, or providing of bookkeeping or "any other alternative or additional service that the Company provides within the associate's district of employment." Block's "clients", according to the agreement, are "(I) every person or entity whose federal or state tax return was prepared or electronically transmitted by the Company in the Associate's district of employment during the 2003 or 2004 calendar year, and (II) every person or entity for whom the Company provided bookkeeping or other alternative or additional

[1]Specifically, Block claims that Lewis was employed under an agreement dated November 20, 2003, Johnson under an agreement dated November 10, 2003, Kelley under an agreement dated January 2, 2004, and Borstorff under an agreement dated November 10, 2003.

services within the Associate's district of employment during the 2003 or 2004 calendar year."

According to Block, the agreement also states that, for two (2) years following the termination of the associate's employment, the associate will not solicit Block's clients, nor interfere with Block's continuing relationships with its clients. Furthermore, the tax professional, Block claims, agrees that for one (1) year following termination of employment, the employee will not solicit Block's employees. The penalties agreed to for a breach of the agreement not to solicit clients are two times the average fee charged by each employee multiplied by the number of non-returning clients multiplied by the "associate's baseline client retention percentages...or, if no such percentage is defined, seventy (70) percent." For a breach of the agreement not to solicit other Block employees, the penalty agreed to is "an amount equal to two times the average fee charged the solicited employee during his her last tax season of employment."

The agreement also provides that Missouri state law shall govern, without reference to its conflict of laws principles, and Block and all associates waive trial by jury of any dispute arising out of or related to those sections of the agreement noted above. Block filed this action in the Eastern Division of the Northern District of Alabama on April 19, 2005. In Count I of the complaint, titled "Breach of Contract (Lewis, Johnson, Kelley and Borstorff)," Block alleges that the agreement is a valid and enforceable contract, and that defendants Lewis, Johnson, Kelley and Borstorff materially breached its terms and conditions. In Count II of the complaint, titled "Tortious Interference with Business Relations (All Defendants)," Block alleges that it had a business relationship with its clients, about which the defendants knew, and a reasonable expectation to maintain its relationships from year to year. According to Block, the defendants intentionally and without justification or privilege interfered with and disrupted those

relationships.

In Count III, titled "Tortious Interference with Agreements (Village Tax Team)," Block alleges that it had a reasonable business expectancy that defendants Lewis, Johnson, Kelley and Borstorff would comply with the post-termination provisions in their respective employment agreements with Block, and that Village Tax Team had knowledge of those provisions. Block further alleges that Village Tax Team caused Lewis, Johnson, Kelley and Borstorff to breach those agreements. According to Block, Village Tax Team acted intentionally and without justification or excuse, causing Block to lose revenue and suffer damage to its business relationships and goodwill.

In Count IV, title "Misappropriation of Trade Secrets (All Defendants)," Block alleges that the defendants possess Block's confidential and proprietary business information and trade secrets, including but not limited to customer lists, pricing information and methodologies, in violation of the Alabama Trade Secret Act, Ala. Code § 8-27-2 *et seq*. Block claims that it uses reasonable efforts to maintain the secrecy of this information. According to Block, the defendants have unlawfully used this information. In Count V, titled "Civil Conspiracy (All Defendants)," Block alleges that the defendants agreed among themselves, by word or conduct, to breach their respective agreements with Block and to engage in the tortious and unlawful activities described above, with the intended effect of furthering those breaches and tortious activity. In Count VI, titled "Injunctive Relief (All Defendants)," Block incorporates all of the above allegations in its claim for injunctive relief, arguing that there is a substantial likelihood that Block will prevail on the merits, and that irreparable harm will occur to its goodwill during the pendency of this proceeding.

## RULE 68 STANDARD

"The purpose of Rule 68 is to encourage the settlement of litigation." *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981). In addition to encouraging early settlements of litigation, the offer-of-judgment rule is intended to protect the party who is willing to settle from the burden of costs that subsequently accrue. *Staffend v. Lake Central Airlines, Inc.*, 47 F.R.D. 218, 219 (N.D. Ohio 1969). If an Offer of Judgment is not accepted, and the ultimate judgment is less favorable than what was offered, the offering party is not liable for costs accrued after making that offer. *Id*. "[A]pplication of Rule 68 [requires] plaintiffs to 'think very hard' about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates." *Marek v. Chesny*, 473 U.S. 1, 11 (1985).

## ARGUMENTS[2]

### I. Defendants' Motion to Set Aside Plaintiff's Acceptance of Offer of Judgment.

According to defendants Lewis, Johnson, Kelley, Borstorff and Village Tax Team (hereinafter "defendants"), on August 30, 2005, they served upon Block an Offer of Judgment. According to the defendants, Block, pursuant to Federal Rule of Civil Procedure 68, had until September 14, 2005, to accept the Offer of Judgment, or it was deemed rejected.[3] The defendants claim that Block filed a Motion to Clarify Defendants Offer of Judgment with this court on

---

[2] This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

[3] Rule 68 provides in pertinent part: "If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and the evidence thereof is not admissible except in a proceeding to determine costs." Fed. R. Civ. Pro. 68 (West 2005).

September 13, 2005, essentially requesting that this court modify the Offer. The defendants claim that, as they pointed out in their Motion to Seal the Plaintiff's Motion, filed on September 20, 2005, Rule 68 does not provide either for clarifications or for filing an unaccepted Offer with the court. *Utility Automation, 2000, Inc. v. Choctawhatchee Electric Cooperative, Inc.*, 298 F.3d 1238, 1240-1241 (11th Cir. 2002).

The defendants claim that on September 15, 2005, after the deadline for accepting the Offer had passed, this court denied Block's Motion to Clarify, stating that Block could "accept or reject the offer as written." According to the defendants, the September 15 Order went on to state: "To the extent that this court has authority to do so, and only if it has such authority, the time for the plaintiff to accept or reject the offer is extended to September 23, 2005." The defendants claim that on September 21, 2005, twenty-two days after they served Block with the Offer, Block filed a Notice of Acceptance of Offer of Judgment.

The defendants argue that Block did not file its Notice of Acceptance within the time limit prescribed by Rule 68 and, as such, the Offer was deemed rejected by Block. The defendants point to *Staffend v. Lake Central Airlines, Inc.*, 47 F.R.D. 218, 219 (N.D. Ohio 1969) as a case addressing whether a court could hold open an Offer of Judgment. That court stated:

> For a court to extend the ten-day period within which the Offer of judgment must be accepted would undermine the purpose of Rule 68...If this court were to extend the period in which the plaintiffs may accept the defendants' Offer of Judgment, the usefulness of Rule 68 would be substantially destroyed. Defendant parties would be discouraged from utilizing the Rule 68 procedure to settle litigation. Indeed, utilizing Rule 68 would be a hazardous undertaking for any defending party. The value of any lawsuit for settlement purposes varies from time to time and often from day to day... In addition, if this court were to extend the ten-day period, the sanction provided by Rule 68 would be negated. The advantage to a defendant of utilizing the Rule 68 procedure is that if his Offer of Judgment is not accepted, he may escape the imposition of further costs where the plaintiff does not eventually secure a judgment

> exceeding the offer. Extending the ten-day acceptance period would deprive the defendant of the advantage of using Rule 68, since the plaintiff could accept at a much later date, thus imposing the intervening costs on the defendant...*the rule itself does not seem susceptible of an interpretation justifying an extension of the ten-day period...The court concludes that it has no authority to hold the defendants' Offer of Judgment in abeyance.*

*Id*. (emphasis added).

The defendants also cite *State of Washington v. The United States*, 8 Cl. Ct. 693, 694 (Cl. Ct. 1985), for their assertion that an offer of judgment must be accepted within ten days and that period of time should not be enlarged by the court.

According to the defendants, this court did not have the authority to extend the period of time allowed under Rule 68 for Block to accept or reject the offer. Furthermore, the defendants contend that, since this court did not rule on Block's Motion to Clarify until after the expiration of that period, the Offer was rejected before this court even acted to extend the deadline. In other words, Block "was not relying on this Court's Order at the time it rejected the Offer of Judgment because it rejected the Offer prior to the Order."

Finally, the defendants argue that they made the Offer in good faith and, at least in part, to limit the expenses of the case. According to them, Block's subsequent conduct has created costs for the defendants, changing the "value of the litigation." The defendants claim that they spent time and money unnecessarily; had Block simply complied with Rule 68 and accepted or rejected the Offer of Judgment within the ten days prescribed by Rule 68. Furthermore, the defendants argue that a plain reading of Rule 68 dictates that this court determine the Offer to be withdrawn, because there is no device which allows for extension of the ten-day consideration period under Rule 68.

## II. Plaintiff's Memorandum in Opposition to Defendants' Motion to Set Aside

**Plaintiff's Acceptance of the Defendants' Offer of Judgment.**

According to Block, this court's Order of September 15, 2005, resulted in an extension of the date for Block to accept the defendants' Offer of Judgment by a mere nine (9) days. Block claims that the defendants did not challenge that Order, nor did they allege either error or abuse of discretion. Block alleges that it accepted the Offer of Judgment on September 21, 2005, two days before the expiration of the extension granted by this court. Block notes that *Staffend*, 47 F.R.D. at 219, dealt only with an Offer of Judgment being held open indefinitely, not temporarily. According to Block, the *Staffend* court noted that this was the sticking point, as "[n]o sensible defendant would make an offer of Judgment...if he knew the offer might be kept open for an indefinite period of time." *Id*. at 220.

Block argues that this court has the authority and discretion to extend the ten-day limit provided for in Rule 68, at least temporarily. Block claims that this authority comes from Federal Rule of Civil Procedure 6(b).[4] Block cites the Northern District of Illinois case of *Coleman v. McLaren*, No. 78-C-2117, 1981 U.S. Dist. LEXIS 18641 (N.D. Ill. June 26, 1981), for just such a proposition. In *Coleman*, the judge extended the Rule 68 ten-day period on two separate occasions. The first extension was for thirty days. During this thirty-day extension, one party filed motions related to the terms of the offer. The court then again extended the acceptance

---

[4]Rule 6(b) provides: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them." Fed. R. Civ. Pro. 6(b).

period to ten days after the court ruled on those motions. The offer was accepted during the second extension, more than ninety days after the original offer. When later challenged, the Northern District of Illinois held that the contention that the court did not have authority to extend the deadline "is belied by the express language of Rule 6(b)..." *Id*. at *7. Block cites the Western District of North Carolina, in a case extending the Rule 68 window by five months, as supporting the above analysis:

> For the amended acceptances of the offers to be timely, the Court must consider the amended acceptance to have retroactively filed on the date of the original acceptances. Because the Court believes that such a finding is consistent with the intent of the parties, the Court will construe the amended acceptances as having been timely filed. Alternatively, the Court will consider the time extended until April 12, 1991 for Plaintiffs to file the acceptances pursuant to Rule 6(b) of the Federal Rules of Civil Procedure.

*Whitcher v. Town of Matthews*, 136 F.R.D. 582, 585 (W.D.N.C. 1991).

Block also points to an Arizona Court of Appeals case which, though not binding on this court, Block claims to be helpful in that Arizona's Rules of Civil Procedure, which, according to Block, have the virtually the same terms as the Federal Rules. In *Digirolamo v. Sup. Ct. of Arizona*, 839 P.2d 427 (Az. App. 1991), the Arizona Court of Appeals noted:

> Digirolamo argues that the language of Rule 68 is mandatory. We agree, unless the court, in the exercise of its discretion and pursuant to the power conferred by Rule 6(b), acts to enlarge the time to accept an offer. We believe that such an interpretation is required to give effect to the plain wording of both rules and to foster their harmonious application.

*Id*. at 429.

The defendants in *Digirolamo*, like the defendants in this case, relied solely on *Staffend* to support their arguments:

> While the use of the word "shall" in rule 68 may be construed to make the thirty-day limitation mandatory (i.e. the offer shall be effective for no less and no more than thirty days), we find no authority for holding that rule 6(b) does not apply to rule 68.

> A search of the record in the Twin City case indicates the issue was not addressed by the court, nor argued by either party. We have found no Arizona case dealing with the issue of whether Rule 6(b) applies to rule 68 nor have we found any federal case dealing with the issue under the federal counterparts to our rules. [FN4]...
> FN4. For a general discussion on the issue of whether the time for response to an offer of judgment may be enlarged under the federal rules, *see Staffend v. Lake Central Airlines, Inc.*, 47 F.R.D. 218 (N.D. Ohio 1969), where the court concluded, without discussion of Rule 6, that it had no authority to hold the offer of judgment in abeyance.

*Id*. at 429.

According to Block, the court's authority to extend the ten-day period to accept an Offer of Judgment under Rule 68 is clear, and this court had the discretion to do so.

**III. Defendants' Reply.**

According to the defendants, this case is distinguishable from *Coleman v. McLaren*, 1981 U.S. Dist. LEXIS 18641 (N.D. Ill. 1981), in that the court in that case granted the plaintiffs a thirty-day extension in which to accept or reject the offer of judgment, ruling the day *after* the offer was made and *prior to the expiration of* the ten days of the time period for acceptance. Because this court did not rule until after the expiration of the ten-day acceptance window, the defendants argue, *Coleman* is not on point. The defendants further argue that, though they respectfully disagree with Block's assertion that Rule 6(b) authorizes this court to extend a Rule 68 deadline, Rule 6(b) would not control in this instance, because is specifically states that a request must be made before the expiration of the period originally prescribed. Block's Motion to Clarify, on the other hand, did not request an extension of that deadline, and was ultimately denied. The defendants state that "[t]here was neither a request for extension nor a sua sponte extension prior to the deadline, so the offer was withdrawn..."

The defendants go on to distinguish *Whitcher v. Town of Mathews*, 136 F.R.D. 582 (W.D.N.C. 1991), claiming that the facts of that case make it inapplicable to this case. According

to the defendants, the plaintiffs in that case timely accepted the offer of judgment, but conditioned their acceptance such that the litigation would continue. *Id.* at 585. The defendant contested this condition, and the plaintiffs then amended their acceptance. *Id.* The court in that case noted that a finding that the amended acceptance was timely filed was "consistent with the intent of the parties." *Id.* According to the defendants, such is not the case here. First, the defendants argue, Block tried to have a term added to the Offer. Second, the defendants claim, Block has "all but stated that, if the acceptance stands, it will fight over terms it says are ambiguous, causing Defendants to continue to incur additional legal fees, which they sought to avoid in making the offer in the first place." The defendants argue that it is clearly not their intent for Block's acceptance to be considered timely by this court.

The defendants note that *Digirolamo v. Sup. Ct. of Arizona*, 839 P.2d 427, 429 (Az. App. 1991) is at odds with at least one federal court, notably the court in *Staffend v. Lake Central Airlines, Inc.*, 47 F.R.D. 218 (N.D. Ohio 1969). The defendants further argue that Block wants to "have its cake and eat it too," by hoping to "clarify terms in its favor, making its decision easier, and then when it did not happen, having extra time to decide on the original terms, while Defendants have had to continue to spend money on the costs of the litigation." This, the defendants argue, belies the purpose of Rule 68.

**CONCLUSIONS OF THE COURT**

The plaintiff does not dispute that its time to accept the Offer of Judgment pursuant to Rule 68 expired on September 14, 2005. Further, as of September 15, 2005, there had been no "written notice" of acceptance, nor had there been a "request" for enlargement of the period for acceptance of the Offer as written. Further, there has been no suggested basis for this court to

find "excusable neglect" or a motion seeking enlargement based on excusable neglect. At the time of the court's order of September 15, 2005, the time for acceptance had expired. Since the offer had not been accepted, the offer was "deemed withdrawn." the subject motion will be granted.

This 3rd of November, 2005.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**